# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SKD CONSTRUCTION COMPANY LLC, <br> Plaintiff, <br><br> v. <br><br> MAXI DRUG, INC., <br> Defendant. | Civil Action No.: _____ <br><br><br><br> DECEMBER 6, 2021 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and the Standing Order on Removed Cases, Defendant, Maxi Drug, Inc. ("Defendant") hereby gives Notice of Removal of the case identified as *SKD Construction Company LLC v. Maxi Drug, Inc.*, Civil Action No. FBT-CV21-6111451-S, pending in the Connecticut Superior Court, Judicial District of Fairfield at Bridgeport, to the United States District Court for the District of Connecticut. In support of this Notice of Removal, Defendant states as follows:

## PROCEEDINGS IN STATE COURT

1.  Plaintiff, SKD Construction Company LLC ("Plaintiff"), filed this action against Defendant on or about November 23, 2021, in the Superior Court of Connecticut, Judicial District of Fairfield at Bridgeport, captioned: *SKD Construction Company LLC v. Maxi Drug, Inc.*, Civil Action No. FBT-CV21-6111451-S (the "Complaint"). Plaintiff served the Summons and Complaint on Defendant on November 17, 2021.

2.  In accordance with 28 U.S.C. § 1446(a), a true and correct copies of the Summons and is attached hereto as **Exhibit A**; and a true and correct copy of the Return of Service, dated

November 17, 2021, filed by Plaintiff with the Connecticut Superior Court is attached hereto at **Exhibit B**.

3.  Plaintiff's Complaint relates to a lease between Plaintiff and Defendant, originally entered into by the parties' predecessors-in-interest in 1990 (the "Lease"). *See* Ex. A., Comp. ¶ 4.

4.  Under a Second Amendment to the Lease, dated April 1, 2005, the Lease term was extended until January 31, 2016, with two five-year renewal options, potentially extending the Lease through January 31, 2026. Ex. A., Compl. ¶ 10. The annual base rent payments under the Second Amendment vary between $446,000 through $559,462.40 depending on the year.

5.  Defendant entered into a Third Amendment to the Lease on or about December 31, 2019 (the "Third Amendment"). Ex. A., Compl. ¶ 14.

6.  The Third Amendment "purported to extend the term of the Lease . . . to January 31, 2031, and provided for one five-year renewal option." Ex. A., Compl. ¶ 14. The Third Amendment increased the amount of rent, and included a potential *annual* base rent amount of $639,561.23, during the new five-year extension period from 2026 through 2031, with a total potential rent for that five year period of $3,197,806.15.

7.  Plaintiff's Complaint includes a single count, and asks for a declaratory judgment that the Third Amendment (i) is not an amendment of the Lease, and (ii) is of no force and effect as between Plaintiff and Defendant. *See* Ex. A, Compl. ¶ 26. Specifically, according to Plaintiff, the signatory to the Third Amendment, Paul Lenoci, was not authorized to enter into the Third Amendment on Plaintiff's behalf. Ex. A., Compl. ¶ 14-15.

## TIMELINESS OF REMOVAL

8.  This Notice of Removal is timely as it is filed within thirty days of service on Defendant, which occurred on November 17, 2021. 28 U.S.C. § 1446(b); *see* Ex. B.

## DIVERSITY JURISDICTION

9. Defendant removes this action pursuant to 28 U.S.C. § 1441(a) because this Court would have original jurisdiction over this action under 28 U.S.C. § 1332, which affords the federal courts jurisdiction over actions when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different [s]tates." 28 U.S.C. § 1332(a)(1).

### A. Amount in Controversy Exceeds $75,000.00

10. For the purpose of establishing jurisdictional amount, "the amount in controversy is not necessarily the money judgment sought or recovered, but rather the value of the consequences which may result from the litigation." *Beacon Const. Co. v. Matco Elec. Co.*, 521 F.2d 392, 399 (2d Cir. 1975). "With regard to actions seeking declaratory relief, the amount in controversy is the value of the right or the viability of the legal claim to be declared, such as a right to indemnification or a duty to defend." 14AA Fed. Prac. & Proc. Juris. § 3708 (4th ed.)

11. "In a declaratory judgment action involving the validity of a contract . . . the entire value of the contract determined the amount in controversy rather than instalments under the contract or possible damages." *Beacon Constr. Co.*, 521 F.2d at 399.

12. Plaintiff's request for declaratory relief seeks to invalidate the Third Amendment to the Lease. *See* Ex. A, Compl. ¶¶ 13-14. The Third Amendment extends the term of the Lease for an additional five-year term (from 2026 to 2031) and grants Defendant a new five-year option period thereafter. During the additional 5-year term provided in the Third Amendment, Defendant would be required to pay $639,561.23 in base rent annually, or $3,197,806.15 in base rent during that five-year period.

13. In addition, Defendant expects to earn profits far in excess of $75,000 for the

additional five-year period allowed in the Third Amendment.

14. Thus, the value of the Third Amendment to the parties far exceeds the jurisdictional threshold of $75,000. 28 U.S.C. § 1332(a).

### B. Citizenship of the Parties

15. Plaintiff pleads that it is a Connecticut limited liability company with a business address of 929 Kings Highway East, Fairfield, Connecticut. Ex. A., Compl. ¶ 1.

16. Public records available through the Office of the Connecticut Secretary of State, indicate that Plaintiff's members are the Alfred Lenoci Sr. Revocable Trust (the "Lenoci Trust') and Salvatore K. Dinardo. *See* **Exhibit C** (SKD Construction Company, LLC, Business Details Report, Connecticut Secretary of State, last visited Nov. 23, 2021); **Exhibit D** (2020 Annual Report of SKD Construction Company, LLC filed with Connecticut Secretary of State (Jan. 10, 2020)).

17. Paul Lenoci is the trustee of the Lenoci Trust. *See* Ex. A, Compl. at final page (Practice Book § 17-56(B) Certificate) (identifying Paul Lenoci as Trustee of the Lenoci Trust). Mr. Lenoci is, upon information and belief, a Connecticut citizen, and therefore, the Lenoci Trust is a Connecticut citizen. *See Raymond Loubier Irrevocable Tr. v. Loubier*, 858 F.3d 719, 722 (2d Cir. 2017) (citizenship of traditional trust determined by the citizenship of trustee).

18. Mr. Dinardo is, upon information and belief, also a Connecticut citizen.

19. Defendant is a Delaware corporation doing business that maintains its principal place of business at 30 Hunter Lane, Camp Hill, Pennsylvania 17011. Ex. A., Compl ¶ 2. Defendant is, therefore, a citizen of Delaware and Pennsylvania. 28 U.S.C. § 1332(c)(1).

20. Because Plaintiff is a citizen of Connecticut and Defendant is citizen of Delaware and Pennsylvania, diversity is satisfied.

## VENUE

21. Venue lies in this District pursuant to 28 U.S.C. §§ 1441 and 1446(a) because this action is being removed from the Superior Court of Connecticut, Judicial District of Fairfield at Bridgeport, to the United States District Court for the District of Connecticut.

## SERVICE OF NOTICE OF REMOVAL

22. This Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of Connecticut in and for the Judicial District of Fairfield at Bridgeport. A copy of the state court notice to be filed (without exhibits) pursuant to 28 U.S.C. § 1446(d) is attached hereto as **Exhibit E.**

**WHEREFORE**, the Defendant, Maxi Drug, Inc., hereby effects the removal of the cause and requests that this Court maintain jurisdiction over it as provided by law.

    Respectfully submitted,

    MAXI DRUG, INC.

    By its attorneys,

By:   */s/Rowena A. Moffett*
    Rowena A. Moffett (ct19811)
    BRENNER, SALTZMAN & WALLMAN LLP
    271 Whitney Avenue
    New Haven, Connecticut 06511
    (203) 772-2600 (Tel.)
    (203) 562-2098 (Fax.)
    Email: rmoffett@bswlaw.com

    GENOVA BURNS LLC
    James Bucci, Esq. (*Pro hac vice* to be filed)
    Lawrence Bluestone, Esq. (*Pro hac vice* to be filed)
    494 Broad Street
    Newark, New Jersey 07102
    (973) 533-0777 (Tel.)
    Email: jbucci@genovaburns.com
    Email: lbluestone@genovaburns.com

    *Counsel for Defendant Maxi Drug, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 6, 2021, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

I hereby further certify that a true and accurate copy of the foregoing is being served this day via certified mail, return receipt requested, and via e-mail on this 6th day of December, 2021, to all counsel and self-represented parties of record:

>Robert Rispoli, Esq.
>Withers Bergman, LLP
>157 Church Street, 12th Floor
>New Haven, CT 06510
>Email: robert.rispoli@withersworldwide.com

>/s/Rowena A. Moffett
>Rowena A. Moffett, Esq.