**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| SKD CONSTRUCTION COMPANY LLC,<br><br>Plaintiff,<br><br>v.<br><br>MAXI DRUG, INC.,<br><br>Defendant | Civil Action No.: 3:21-cv-01618-OAW |
| MAXI DRUG, INC.,<br><br>    Third-Party Plaintiff,<br><br>v.<br><br>SKD CONSTRUCTION COMPANY, a Connecticut general partnership; THE ALFRED LENOCI REVOCABLE TRUST; and PAUL LENOCI, individually and in his capacity as Trustee of the Alfred Lenoci Revocable Trust,<br><br>    Third-Party Defendants. | FEBRUARY 3, 2022 |

**DEFENDANT/THIRD-PARTY PLAINTIFF MAXI DRUG, INC'S MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION TO DISMISS OF THIRD-PARTY DEFENDANTS THE ALFRED LENOCI REVOCABLE TRUST AND PAUL LENOCI**

Defendant/Third-Party Plaintiff, Maxi Drug, Inc. ("Maxi"), by and through its undersigned counsel, respectfully submits this Memorandum of Law in opposition to the Motion to Dismiss filed by Third-Party Defendants the Alfred Lenoci Revocable Trust (the "Lenoci Trust") and Paul Lenoci (individually and in his capacity as Trustee of the Lenoci

Trust) ("P. Lenoci" and collectively, the "Lenoci Defendants"), on January 14, 2022 (the "Motion", Doc. No. 31).

The Lenoci Defendants move to dismiss Maxi's Third-Party Complaint under Fed. R. Civ. P. 12(b)(5), contending that they were not properly served because P. Lenoci no longer resides at the Easton, CT residence where service was initially made. Since that time, Maxi has completed service on the Lenoci Defendants at P. Lenoci's address in Fairfield, Connecticut. Service was made on P. Lenoci both individually and as trustee of the Lenoci Trust within the 90-day time period required by Fed. R. Civ. P. 4(m). As such, the Lenoci Defendants' Motion is moot and should be dismissed.[1]

I. **FACTUAL BACKGROUND**

This action relates to the parties' dispute over the validity of a Third Amendment to the parties' Lease (the "Third Amendment") relating to the property located at 1519 Post Road, Fairfield, Connecticut (the "Premises"). (Countercl. (Doc. No. 10) ¶ 7; Compl. (Doc. No. 1-1) ¶ 4.) Plaintiff SKD Construction Company, LLC ("SKD LLC") filed this action seeking a declaration that P. Lenoci was not authorized to enter into the Third Amendment and also contends that SKD Construction Company, a Connecticut general partnership ("SKD GP") is no longer in existence and could not have entered into the Third Amendment. (Compl. (Doc. No. 1-1) ¶ 26.)

After removing SKD LLC's action to this Court, on December 10, 2022, Maxi filed a Counterclaim against SKD LLC and a Third-Party Complaint against SKD GP and the Lenoci Defendants. (Doc. No. 10.)

---

[1] Although it is undisputed that the Lenoci Defendants were served at Mr. Lenoci's new residence as identified in property tax records, the Lenoci Defendants have refused to withdraw this Motion.

On December 20, 2021, a State Marshal served P. Lenoci with two copies of the Summons and Third-Party Complaint, one in his individual capacity and one in his capacity as trustee of the Lenoci Trust. (*See* Doc. No. 19 at 3-4.) Service was made at what Maxi believed to be P. Lenoci's residence based on a prior search of public records: 18 The Circle, Easton, CT.

On January 14, 2022, the Lenoci Defendants filed this Motion, along with an Affidavit from P. Lenoci (the "P. Lenoci Aff.", Doc. No. 32, at 7-8). In his Affidavit, P. Lenoci states that the address in Easton, CT is where his mother, Carol Lenoci, resides, but that he now resides in a condominium in Fairfield, Connecticut. (P. Lenoci Aff. ¶¶ 3-4.)

A search of tax records reveals that P. Lenoci owns a condominium located at 2160 Kings Highway #8, Fairfield, CT. (Exhibit A to the Affidavit of Lawrence Bluestone, Esq. ("Bluestone Aff."), attached hereto, Exhibit 1.)

On January 19, 2022, fewer than 90 days from the date the Third-Party Complaint was filed, a Connecticut State Marshal served two copies of the Summons and Third-Party Complaint on P. Lenoci at his primary residence located at 2160 Kings Highway #8, Fairfield, CT. (Doc. Nos. 34 & 35.) The Summons and Third-Party Complaint were left with a person who identified herself as P. Lenoci's wife, Mrs. Lenoci. *Id.*

### III. <u>LEGAL ARGUMENT</u>

**The Lenoci Defendants' Motion Should Be Denied As Moot Because Service Has Now Been Completed Within the Time Period Allowed by <u>Fed. R. Civ. P. 4.</u>**

Maxi bears the burden of proving adequate service. *Dickerson v. Napolitano,* 604 F.3d 732, 752 (2d Cir. 2010). However, the federal service rules are intended to "'provide the defendant with notice that an action has been filed against it'" not to be applied with

3

"rigid formalism." *Nature's First Inc. v. Nature's First Law, Inc.*, 436 F. Supp. 2d 368, 374 (D. Conn. 2006) (quoting *Montclair Electronics, Inc. v. Electra/Midland Corp.*, 326 F. Supp. 839, 842 (S.D.N.Y.1971) and *Am. Inst. of Certified Pub. Accts. v. Affinity Card, Inc.*, 8 F. Supp. 2d 372, 376 (S.D.N.Y. 1998)).

In deciding motions under Rule 12(b)(5), courts in the Second Circuit have held that "where, as here, a plaintiff timely cures deficiencies in service of process, courts have denied Rule 12(b)(5) motions to dismiss the complaint for insufficient service of process as premature or moot." *Cincotta v. Hempstead Union Free Sch. Dist.,* No. 15CV4821ADSAKT, 2016 WL 4536873, at *6 (E.D.N.Y. Aug. 30, 2016); *see also Joiner v. Chartwells*, No. CIVA3:05CV845 (JCH), 2005 WL 3499994, at *2 (D. Conn. Dec. 20, 2005) ("While the service upon these defendants may have been insufficient at the time that the defendants moved to dismiss Joiner's suit, Joiner has since perfected service on each of these defendants . . . within the time period provided in Rule 4(m), . . . . Accordingly, the defendants' motion to dismiss under Rule 12(b)(5) is denied as moot.").

Under Fed. R. Civ. 4(e), among other options, service can be made "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," Fed. R. Civ. P. 4(e)(1), or by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(B). Under Connecticut law, service of a civil action may be made on a defendant by "leaving a true and attested copy of it, including the declaration or complaint, with the defendant, or at his usual place of abode, in this state." Conn. Stat. Ann. § 52-57(a). As the Lenoci

4

Defendants concede, service of a statutory trust in Connecticut may be made by serving the trustee of the statutory trust.  Conn. Stat. Ann. § 34-508(a).

Here, service has been properly effected on both P. Lenoci and the Lenoci Trust under both Fed. R. Civ. P. 4(e)(2)(B) and Connecticut law.  Under Connecticut law, "[t]here is a presumption of truth in matters asserted in the marshal's return of service." *Matthews v. SBA, Inc.*, 149 Conn. App. 513, 530, *cert denied*, 312 Conn. 917 (2014).  The marshal's return of service attests that he left a copy of the summons at 2160 Kings Highway # 8, Fairfield, CT at P. Lenoci's "usual place of abode with Mrs. Lenoci, a person of suitable age and discretion who resides there on 1/19/2022, and mailed a copy to the individuals last known address." (Doc. Nos. 34 & 35, at 2.) Here, in addition to this presumption of truth, P. Lenoci has identified his primary residence as a condominium in Fairfield, Connecticut (P. Lenoci Aff. (Doc. No. 32) ¶ 4); and tax records reveal that this residence is located at 2160 Kings Highway # 8. (Exhibit 1, Bluestone Aff. ¶ 2 & Exhibit A.) A marshal served copies of the Summons and Third-Party Complaint on an adult residing at P. Lenoci's primary residence, a person identifying herself as Mrs. Lenoci, *i.e.*, a person of "suitable age and discretion who resides" at P. Lenoci's "usual place of abode." (Doc. Nos. 34 & 35.)  Since P. Lenoci is the trustee of the Lenoci Trust, service on him achieves service of P. Lenoci individually, Conn. Stat. Ann. §  52-57(a), and the Lenoci Trust, Conn. Stat. Ann. § 34-508(a).

Service is also complete under state law. In Connecticut, service can be effectuated by leaving process at the party's abode, which is construed as anywhere on the person's actual property "in such a place and in such a manner that is reasonably probable the defendant will receive the notice of the action against him." *Fine*

*Homebuilders, Inc. v. Perrone,* 98 Conn. App. 852, 861 (2006) (abode service accomplished under Conn. Stat. Ann. § 52-57(a), by leaving copy of process at front gate of party's property) (quotation and citation omitted). Connecticut courts construe the abode service statute "liberally in cases in which the defendant received actual notice." *Id.* Here, the Summons and Third-Party Complaint were delivered to the inside of P. Lenoci's abode, the condominium at 2160 Kings Highway #8, Fairfield, CT, (Doc. Nos. 34 & 35, at 2), and his appearance in this action demonstrates he received actual notice. Thus, abode service has been completed under Connecticut law.

Both the Federal Rules and Connecticut law express "a policy preference to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his or her day in court." *Fine Homebuilders*, 98 Conn. App. at 860; *see also, e.g.*, *Robinson v. Sanctuary Music*, 383 F. App'x 54, 58 (2d Cir. 2010) (noting the Second Circuit's expressed preference that "disputes are resolved on their merits"). The Lenoci Defendants have been properly served in this action and the parties should work to resolving their dispute on the merits. The Lenoci Defendants' Motion should be denied as moot.

## IV.  CONCLUSION

For the foregoing reasons, Maxi respectfully requests that this Honorable Court deny the Lenoci Defendants' Motion to Dismiss dated January 14, 2022 (Doc. No. 31).

    Respectfully submitted,

    MAXI DRUG, INC.

    By its attorneys,

    By:    */s/ Lawrence Bluestone*
    James Bucci, Esq. (*Pro hac vice*)
    Lawrence Bluestone, Esq. (*Pro hac vice*)
    GENOVA BURNS LLC
    494 Broad Street
    Newark, New Jersey 07102
    Telephone: (973) 533-0777
    jbucci@genovaburns.com
    lbluestone@genovaburns.com

    Rowena A. Moffett (ct19811)
    BRENNER, SALTZMAN & WALLMAN LLP
    271 Whitney Avenue
    New Haven, Connecticut  06511
    (203) 772-2600 (Tel.)
    (203) 562-2098 (Fax.)
    rmoffett@bswlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                       */s/ Lawrence Bluestone*
                                                 Lawrence Bluestone, Esq. (*Pro hac vice*)

#16327333v2 (2002.366)

# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SKD CONSTRUCTION COMPANY LLC,<br><br>Plaintiff,<br><br>v.<br><br>MAXI DRUG, INC.,<br><br>Defendant | Civil Action No.: 3:21-cv-01618-OAW |
| MAXI DRUG, INC.,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>SKD CONSTRUCTION COMPANY, a Connecticut general partnership; THE ALFRED LENOCI REVOCABLE TRUST; and PAUL LENOCI, individually and in his capacity as Trustee of the Alfred Lenoci Revocable Trust,<br><br>Third-Party Defendants. | FEBRUARY 3, 2022 |

**AFFIDAVIT OF LAWRENCE BLUESTONE, ESQ.**

STATE OF NEW JERSEY )
                     ) ss:
COUNTY OF HUDSON     )

LAWRENCE BLUESTONE, of full age, and being duly sworn, deposes and says as follows:

1. I am an attorney at law admitted *pro hac vice* in this action. I make this Affidavit based on my personal knowledge.

2. Attached as **Exhibit A** is a true and correct copy of the first page of the property "Field Card" maintained by the Town of Fairfield, Connecticut, for the property located at 2160 Kings Highway #8, Fairfield, Connecticut 06824-6158, which is publicly available on the Town of Fairfield's web-site, located at https://www.fairfieldct.org/propertycards.

*Lawrence Bluestone*
Lawrence Bluestone

Sworn to before me this
3rd day of February 2022

*Laura Quintela*
Notary Public

LAURA QUINTELA
Notary Public, State of New Jersey
Commission # 50048821
My Commission Expires November 1, 2026

#16327574v1 (2002.366)

# EXHIBIT A

| Property Location | 2160 KINGS HIGHWAY #8 | | | Map ID | 130/ 466/B 8/ / | | | | Bldg Name | COMMONS AT FAIRFIELD C | | | State Use | 1021 | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Vision ID | 108466 | | Account # 22834 | | | Bldg # | 1 | | Sec # 1 of 1 | | Card # 1 of 1 | | Print Date 3/20/2021 4:23:42 AM | | |

### CURRENT OWNER / TOPO / UTILITIES / STRT/ROAD / LOCATION / CURRENT ASSESSMENT

| CURRENT OWNER | TOPO | UTILITIES | STRT/ROAD | LOCATION | Description | Code | Appraised | Assessed | |
|---|---|---|---|---|---|---|---|---|---|
| LENOCI PAUL | 1 Level | 1 All Public | 1 Paved | A | RES CONDO | 1-5 | 520,700 | 364,490 | 6051 |
| | | | | P | | | | | |
| 2160 KINGS HIGHWAY #8 | | SUPPLEMENTAL DATA | | | | | | | FAIRFIELD, CT |
| | Alt Prcl ID 22834 | | Legal Descrip | COMMONS AT FA CONDOMINIUM UNIT 8 | | | | | |
| FAIRFIELD   CT   06824-6158 | Assoc. Lots | | Descrip Record Ma | | | | | | VISION |
| | I&E SuppF Notice | | Multi Fam | | | | | | |
| | Census 615 | | Assoc Pid# | | | | | | |
| | GIS ID 130466B0000 | | | | | Total | 520,700 | 364,490 | |

### RECORD OF OWNERSHIP / PREVIOUS ASSESSMENTS (HISTORY)

| RECORD OF OWNERSHIP | BK-VOL/PAGE | SALE DATE | Q/U | V/I | SALE PRICE | VC | Year | Code | Assessed | Year | Code | Assessed V | Year | Code | Assessed |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| LENOCI PAUL | 5945  55 | 07-16-2020 | Q | I | 545,000 | 00 | 2020 | 1-5 | 364,490 | 2020 | 1-5 | 364,490 | 2019 | 1-5 | 419,300 |
| MUNNO ANTHONY & KATHERINE (SV) | 5509  0220 | 01-19-2017 | U | I | 555,000 | 06 | | | | | | | | | |
| SILVER KINGS HIGHWAY LLC | 5226  0001 | 01-28-2015 | U | V | 0 | | | | | | | | | | |
| | | | | | | | | Total | 364490 | | Total | 364490 | | Total | 419300 |

This signature acknowledges a visit by a Data Collector or Assessor

### EXEMPTIONS / OTHER ASSESSMENTS

| Year | Code | Description | Amount | Code | Description | Number | Amount | Comm Int |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | Total | 0.00 | | | | | |

### APPRAISED VALUE SUMMARY

| | |
|---|---|
| Appraised Bldg. Value (Card) | 516,200 |
| Appraised Xf (B) Value (Bldg) | 4,500 |
| Appraised Ob (B) Value (Bldg) | 0 |
| Appraised Land Value (Bldg) | 0 |
| Special Land Value | 0 |
| Total Appraised Parcel Value | 520,700 |
| Valuation Method | C |
| Total Appraised Parcel Value | 520,700 |

### ASSESSING NEIGHBORHOOD

| Nbhd | Nbhd Name | B | Tracing | Batch |
|---|---|---|---|---|
| 0001 | | | | |

### NOTES

2017 NEW CONDO UNIT
1/19/17 V5509 P220 CONDO DECLARATION
PRELIMINARY ASSMNT

### BUILDING PERMIT RECORD / VISIT / CHANGE HISTORY

| Permit Id | Issue Date | Type | Description | Amount | Insp Date | % Comp | Date Comp | Comments | Date | Id | Type | Is | Cd | Purpost/Result |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | 04-20-2017 | PJ | | | 80 | Change - Map Change |

### LAND LINE VALUATION SECTION

| B | Use Code | Description | Zone | Land Type | Land Units | Unit Price | Size Adj | Site Index | Cond. | Nbhd. | Nbhd. Adj | Notes | Location Adjustment | Adj Unit P | Land Value |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1021 | Res Condo MDL | DRD | | SF | 0 | 1.00000 | 5 | 1.00 | 0095 | 1.100 | | | 0.0000 | 0 |

| Total Card Land Units | 0.000 AC | Parcel Total Land Area 0.0000 | Total Land Value | 0 |
|---|---|---|---|---|