## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| SKD CONST. CO. LLC,<br>   *Plaintiff and Counter Defendant*,<br><br>v.<br><br>MAXI DRUG INC.,<br>   *Defendant, Counter Claimant,<br>   and Third-Party Plaintiff*<br><br>v.<br><br>SKD CONST. CO., A CONNECTICT<br>GENERAL PARTNERSHIP, et al.<br>   *Third-Party Defendants.* | 3:21-CV-1618 (OAW) |

## **OMNIBUS ORDER**

This action is before the court upon the Motion to Dismiss filed by Plaintiff and Counter Defendant SKD Construction Company LLC ("SKD LLC"), *see* ECF No. 24 (with its supporting memorandum, ECF No. 25, "Counterclaim MTD"); the Motions to Dismiss filed by Third-Party Defendant SKD Construction Company, a Connecticut General Partnership ("SKD GP"), *see* ECF Nos. 28 and 51 (with their supporting memoranda, ECF Nos. 29 and 51-1, "Third-Party MTDs"); and the Motion for Summary Judgment filed by SKD LLC, *see* ECF No. 71 (with its supporting memorandum, ECF No. 71-1, the "MSJ," and together with the Counterclaim MTD and the Third-Party MTDs, the "Motions").[1] The court has reviewed the Motions, all oppositions and replies thereto, *see* ECF Nos. 33, 39, 43, 57, 74, and 76, the statements of material facts, *see* ECF Nos. 71-2 and 74-1, all

---

[1] Third-Party Defendants Paul Lenoci and the Alfred Lenoci Revocable Trust also filed two motions to dismiss, *see* ECF Nos. 31 and 46, which they have withdrawn, *see* ECF No. 48. Therefore, the court denies both motions as moot.

exhibits to the Motions, and the record in this matter. The court is fully apprised in the premises. For the reasons discussed herein, the Motions are **DENIED.**

## I.   BACKGROUND

The factual allegations underlying this contract action are not in dispute, though they are somewhat complicated.

As stated in the original complaint, since 1990, a piece of property in Fairfield, Connecticut (the "Premises"), has been the subject of a lease. ECF No. 1-1 at 6. The original parties to that lease were the Carroll Brothers Partnership, whose successors in interest were SKD GP and SKD LLC (in that order); and Brooks Drug, Inc., whose successor in interest was Defendant Maxi Drug Inc. ("Maxi"). *Id.*; *see also* ECF No. 10 at 8.[2] Two amendments to that lease were executed between Maxi and SKD GP in 2002 and 2005. *Id.* at 7. In or around 2007, SKD GP terminated and ceased to operate, and ownership of the Premises was transferred to SKD LLC. *Id.*

According to Maxi's counterclaims and third-party complaint, it sought to extend the lease again in 2019, and its broker engaged in negotiations on Maxi's behalf. ECF No. 10 at 9. The broker reached out via the contact information that Maxi had used in previous negotiations and asked to speak with Salvatore DiNardo. *Id.* He was directed to Paul Lenoci, who stated that he was Mr. DiNardo's partner. The broker and Paul Lenoci engaged in negotiations, which resulted in Paul Lenoci executing a letter of intent with Maxi in November 2019. *Id.* at 10. Paul Lenoci signed the letter of intent as one duly

---

[2] The complaint lists the Carroll Brothers Partnership as a successor interest to Brooks Drug, Inc., but the court assumes this is a typographical error, since it would be unusual for the original lessor to become the successor lessee, and Maxi's description of its own succession in interest clarifies that Maxi took over directly from Brooks Drug, Inc.

authorized by SKD LLC.  *Id.*  In December 2019, the broker and Paul Lenoci exchanged drafts of an amendment to the lease (the "Amendment") which reflected the terms laid out in the letter of intent.  *Id.*  Among the edits Paul Lenoci made to the draft of the Amendment was the changing of the landlord's name from SKD LLC to SKD GP.  *Id.*  A final draft was executed, with SKD GP listed as the landlord, on December 31, 2019.  *Id.* at 11.  Paul Lenoci signed on behalf of the landlord as a duly authorized trustee.[3]  *Id.*

SKD LLC filed this action in state court on November 15, 2021.  *See* ECF No. 1-1 at 6.  In the complaint, SKD LLC asserts one claim for declaratory judgment, asking the court to declare that the Amendment is invalid and unenforceable.  *Id.*  Maxi timely removed the matter to federal court on December 6, 2021,  *see* ECF No. 1, and filed its answer to the complaint, *see* ECF No. 10.  In that answer, Maxi also asserted two counterclaims against SKD LLC and SKD GP: a claim for declaratory judgment asking the court to find that the Amendment is valid and enforceable, and a claim for anticipatory repudiation of a contract.  *Id.* at 13-17.  Maxi also asserted one claim of fraud against both Third-Party Defendants, the Alfred Lenoci Revocable Trust and Paul Lenoci.

There was some initial motion practice in the months thereafter, during which period the Counterclaim MTD and the Third-Party MTDs were filed.  The parties then sought and were granted a referral to a United States Magistrate Judge for a settlement conference, *see* ECF No. 52, but apparently were unable to reach a resolution, because on October 8, 2022, the MSJ was filed.  *See* ECF No. 71.  All the Motions are now ripe.

---

[3] It appears that Alfred Lenoci, Sr., was a partner in SKD GP, *see* ECF No. 29 at 6, and then a member of SKD LLC, though he transferred his interest in SKD LLC to the Alfred Lenoci Revocable Trust in April 2018, *see* ECF No. 74-5 at 11.  Paul Lenoci stated in his response to an interrogatory that he became the successor trustee of the Alfred Lenoci Revocable Trust upon the passing of Alfred Lenoci, Sr.  *Id.*  It does not appear than any of these facts are in dispute.

## II. LEGAL STANDARDS

### a. Motion to Dismiss

It is axiomatic that an action must be dismissed where the facts alleged in the complaint are insufficient to state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal under Rule 12(b)(6), a party must plead "enough facts to state a claim to relief that is plausible on its face," and not merely "conceivable." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When reviewing a motion to dismiss, the court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the nonmovant's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). "[C]ourts may draw a reasonable inference of liability when the facts alleged are suggestive of, rather than merely consistent with, a finding of misconduct." *Id.* (citing *N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*, 709 F.3d 109, 121 (2d Cir. 2013)).

### b. Motion for Summary Judgment

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also* Fed. R. Civ. P. 56(c). The movant bears the burden of demonstrating that there is no genuine issue of material fact. *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 114 (2d Cir. 2017). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *McCarthy v. Am. Int'l Grp., Inc.*, 283 F.3d 121, 124 (2d Cir. 2002) (quoting *Lazard Freres & Co. v. Protective Life Ins. Co.*, 108 F.3d 1531, 1535 (2d Cir.1997)). If "there is any evidence in the record from which a reasonable

inference could be drawn in favor of the opposing party, summary judgment is improper." *Id.*

To defeat a summary judgment motion, however, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), and "may not rely on conclusory allegations or unsubstantiated speculation," *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir.1998).  Rather, the nonmoving party must point to "specific facts in dispute to show that there is a *genuine issue for trial*." *Matsushita,* 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e)) (emphasis in original).  If the nonmoving party submits evidence that is "merely colorable," or is not "significantly probative," then summary judgment still may be granted.  *Horror Inc. v. Miller*, 15 F.4th 232, 240–41 (2d Cir. 2021).

When the nonmoving party ultimately will bear the burden of persuasion at trial, the moving party may show that summary judgment is appropriate in two ways: (1) by submitting evidence that negates an essential element of the opposing party's claim, or (2) by demonstrating that the opposing party's evidence is insufficient to establish an essential element of their claim.  *Farid v. Smith*, 850 F.2d 917, 924 (2d Cir. 1988).

When reviewing a summary judgment motion, the court construes the cited evidence in the light most favorable to the nonmoving party and "resolves all ambiguities and draws all reasonable inferences against the moving party."  *Horror*, 15 F.4th at 240.

### III.  DISCUSSION

The court will address the Motions in the order they were filed.

### a. Counterclaim MTD

In the Counterclaim MTD, SKD LLC argues that both the counterclaims Maxi has asserted against it must be dismissed because (1) the prior pending action doctrine bars Maxi's opposing declaratory judgment claim, and (2) the fact that SKD LLC filed the instant action cannot support an anticipatory repudiation claim. The court addresses each argument seriatim.

### i. *Prior Pending Action*

"The prior pending action doctrine provides that '[w]here there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience in favor of the second action, or unless there are special circumstances which justify giving priority to the second.'" *AM Broadband, LLC v. First Fin. Ins. Co.*, No. 3:08-CV-378CFD, 2009 WL 353493, at *2 (D. Conn. Feb. 10, 2009), adhered to on reconsideration, No. 3:08-CV-378(CFD), 2009 WL 801646 (D. Conn. Mar. 25, 2009) (quoting *Motion Picture Lab. Technicians Local 780 v. McGregor & Werner, Inc.*, 804 F.2d 16, 19 (2d Cir.1986)). The doctrine is an offshoot of a federal court's general power to administer its docket. *See Ziemba v. Clark*, 167 F. App'x 831, 832 (2d Cir. 2006) ("A district court may stay or dismiss a suit that is duplicative of another federal court suit as part of its general power to administer its docket."). "Courts that permit motions to dismiss based on the pendency of a prior action generally require 'that an identity of issues exists and the controlling issues in the dismissed action will be determined in the other lawsuit.'" *Williams v. Bayview Loan Servicing, LLC*, No. 14CV7427KAMLB, 2016 WL 8711209, at *2 n.4 (E.D.N.Y. Jan. 22, 2016) (quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1360 (3d ed.)).

Maxi responds to SKD LLC's first argument that the prior pending action doctrine is only applicable where there are multiple pending actions, and there is only the one action at issue here. Further, Maxi argues that the doctrine is moot here because its purpose is to promote judicial efficiency and to avoid conflicting judgments, but that there is no risk of inefficiency or of conflicting judgments because the validity of the Amendment will be decided by one court, in the same action. Finally, because Maxi asks the court not only to find the Amendment enforceable, but also to equitably reform the Amendment in the alternative, Maxi asserts that the court has the discretion to allow the counterclaim to proceed even if the prior pending action doctrine is applicable.

SKD LLC replies first by reforming its argument to assert that Maxi's first counterclaim should be dismissed because it is redundant and duplicative of SKD LLC's claim against Maxi. However, it is not the same argument it presented in the Counterclaim MTD, and so the court need not address it. *See* D. Conn. L. Civ. R. 7(d) ("A reply memorandum must be strictly confined to a discussion of matters raised by, and must contain references to the pages of, the memorandum to which it replies."); *see also Cuba-Diaz v. Town of Windham,* 274 F. Supp. 2d 221, 230 (D. Conn. 2003) (declining to entertain arguments raised for the first time in a reply brief). However, the court notes that if SKD LLC's assertion is correct, and if Maxi's claim merely is the "mirror image" of SKD LLC's, then it actually would be a greater waste of judicial resources to determine whether to dismiss the counterclaim than it would be simply to dispose of the counterclaim along with the original claim. Moreover, there can be no benefit to SKD LLC by dismissing the counterclaim; if finding against SKD LLC's favor necessarily means finding in Maxi's

7

favor, and vice versa, then it can be of no import to SKD LLC whether the counterclaim is dismissed.

The court can discern no benefit either as to judicial efficiency or as to the action itself in dismissing this counterclaim, even if the prior pending action doctrine applies. Accordingly, the court exercises its "general power to administer its docket" by allowing the counterclaim to proceed.  *Ziemba*, 167 F. App'x at 832.

### ii. *Anticipatory Repudiation*

Maxi responds to SKD LLC's second argument by arguing that Maxi's anticipatory repudiation claim relies upon other actions of SKD LLC, and not upon the filing of this action.  Specifically, Maxi asserts that SKD LLC sent Maxi a letter disputing the validity of the Amendment and that SKD LLC refused to accept the increased rent Maxi paid pursuant to the Amendment.

Again, SKD LLC replies by proffering two entirely new arguments: first, they argue that because repudiation requires the existence of a contract, and because SKD LLC is not a party to the Amendment, this counterclaim cannot be asserted against it.  And next, they argue that even if Maxi sufficiently has alleged an anticipatory repudiation claim, the repudiation has been rescinded by the filing of this action.

As before, the court need not address these arguments because they were not raised in the Counterclaim MTD.  Given that SKD LLC did not raise this argument in its Counterclaim MTD, and therefore Maxi did not respond to it, the court is without the benefit of fulsome briefing on the arguments presented in the reply.

Furthermore, though, the court also finds the new arguments unpersuasive. "[A]nticipatory repudiation centers upon an overt communication of intention or an action

which renders performance impossible or demonstrates a clear determination not to continue with performance." Conn. Gen. Stat. § 42a-2-610, cmt. 1. When disposing of a motion to dismiss, courts must accept as true all factual allegations in a pleading (here, Maxi's answer). And here, Maxi asserts, with supporting facts, that Paul Lenoci had actual or apparent authority to enter into the Amendment on SKD LLC's behalf. Accepting this as true, the contract was valid. Further, accepting as true that SKD LLC has notified Maxi that it disputes the validity of the contract, and that it has refused increased rent payments, SKD LLC has made overt communications indicating a clear determination not to continue with performance. Therefore, Maxi has alleged facts that satisfy the elements of an anticipatory repudiation claim. Whether SKD LLC has rescinded its repudiation is an issue of fact more appropriately decided at the summary judgment phase.

For the foregoing reasons, the court denies the Counterclaim MTD.

### b. Third-Party MTDs

After Maxi impleaded SKD GP, SKD GP moved to dismiss the claims against it, arguing that service had been improper (the "First Third-Party MTD"). *See* ECF No. 28. Apparently, service had been made upon Paul Lenoci's wife at their abode, but Paul Lenoci never was a partner in SKD GP, and so, SKD GP asserted, service was ineffective. Maxi responded by serving one of the surviving partners of SKD GP, thereby effectively mooting the First Third-Party MTD. *See* ECF No. 13. SKD GP filed another motion to dismiss (the "Second Third-Party MTD"), again arguing that service was improper, but also arguing for the first time that (1) the claims against SKD GP are barred by the Connecticut Uniform Partnership Act, since the partnership no longer exists and therefore cannot conduct business, (2) Paul Lenoci cannot bind SKD GP because he never was a

partner of SKD GP, and (3) SKD GP no longer owns the Premises, and so it could not be party to a lease thereof.

Maxi responds that SKD GP cannot bring its new arguments in the Second Third-Party MTD because those arguments were available to it in the First Third-Party MTD, and also because Federal Rule of Civil Procedure 12(g) holds that the failure to include those arguments results in their being barred. Maxi further argues that, under the present circumstances, partnerships may be bound even after dissolution, and that whether SKD GP still was conducting business, and whether Paul Lenoci was authorized to bind it, are questions of fact that still remain. SKD GP did not submit a reply in support of the Second Third-Party MTD.

The court agrees with Maxi's arguments. In the first instance, Rule 12(g)(2) states that a party may not file a successive motion to dismiss "raising a defense or objection that was available to the party but omitted from its earlier motion." SKD GP clearly could have made its new arguments in the First Third-Party MTD, but it did not. Thus, the court declines to entertain them now.

Furthermore, it appears that Maxi has cured any previous potential defect in serving SKD GP. Per Connecticut statute, service of process may be made upon a partnership "by personally serving any process within the state upon any one of the partners." Conn. Gen. Stat. Ann. § 52-57(d). Maxi has served Salvatore DiNardo, an individual whom SKD GP identifies as a partner of SKD GP. As such, service of process was sufficient. And whether SKD GP may be held liable in relation to the Amendment is the very issue Maxi seeks to have adjudicated in its third-party complaint. It would be

inappropriate to decide that issue at this juncture.  SKD GP may raise its argument anew in a motion for summary judgment.

The Third-Party MTDs therefore are denied.

### c. MSJ

In the MSJ, SKD LLC argues that it is entitled to summary judgment because it is not SKD GP, and therefore that it is not a party to the Amendment and, as such, that it cannot be bound by its terms.  SKD LLC argues that the court need not, and indeed should not, look outside the four corners of the Amendment to conclude that it cannot be enforced against SKD LLC.  Maxi responds that (1) it is inappropriate to grant summary judgment so early in litigation, even months before discovery is due to be completed, and that (2) even on the incomplete record currently presented, there are genuine issues of material fact that preclude the grant of summary judgment.

The court again agrees with Maxi.  In the first instance, the court finds that Maxi is entitled to relief pursuant to Federal Rule of Civil Procedure 56(d).  Rule 56(d) allows a nonmovant to show by affidavit that "it cannot present facts essential to justify its opposition [to a motion for summary judgment]," in which case a court may defer or deny the motion, or grant the nonmovant additional time to discover those essential facts.  Whether to grant relief under Rule 56(d) is a matter firmly within the court's discretion.  *See Walden v. Sanitation Salvage Corp.*, No. 14 CIV. 112 ER, 2015 WL 1433353, at *3 (S.D.N.Y. Mar. 30, 2015).  "There is a critical distinction . . . between cases where a litigant opposing a motion for summary judgment requests a stay of that motion to conduct additional discovery and cases where that same litigant opposes a motion for summary judgment on the ground that it is entitled to an opportunity to *commence* discovery with

11

respect to [the non-movant's] claims." *Id.* (italics and alterations in original).  The Second Circuit clearly has held that summary judgment generally is appropriate only *after discovery*, and that "[o]nly in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 303–04 (2d Cir. 2003).  Summary judgment is a "drastic device," *Ass'n of Car Wash Owners Inc. v. City of New York*, 911 F.3d 74, 83 (2d Cir. 2018), and "pre-discovery summary judgment is the exception rather than the rule and will be granted only in the clearest of cases," *KJY Inv. LLC v. Noblesse Nail & Spa, Inc.*, No. 20-CV-9116 (KMK), 2021 WL 4429506, at \*1 (S.D.N.Y. Sept. 27, 2021).

Here, SKD LLC filed the MSJ months before discovery was due, while discovery was still being exchanged, and before any depositions had been taken.  It is apparent that as of the time its response was due, Maxi had insufficient opportunity to perform meaningful discovery, which in and of itself is sufficient reason to deny the MSJ.

Furthermore, the court finds that genuine issues of material fact already exist so as to preclude the grant of summary judgment at this time.  Looking at the facts in the light most favorable to Maxi, there is adequate evidence to support the conclusion that changing the landlord's name to SKD GP was an error[4] that might qualify as a mutual mistake warranting certain relief to Maxi.  *See Stamford Property Holdings, LLC v. Dorian Jashari et al.*, 2023 WL 2467295, at \*7 (Conn. App. Ct. Mar. 14, 2023) (approving of a reformation of a contract where mutual mistake was found).  "Whether there has been [a mutual] mistake is a question of fact."  *Jones v. Jones*, 111 Conn. App. 724, 729, 960 A.2d 1097, 1101 (2008) (quoting *Inland Wetlands & Watercourses Agency v. Landmark*

---

[4] Paul Lenoci indicated in a response to an interrogatory that "[u]pon reflection," the change of the name of the landlord "was a clerical error . . . ."  ECF No. 74-5 at 11.

12

*Investment Group, Inc.*, 218 Conn. 703, 708 (1991)) (alteration in original).  This question alone renders inappropriate a grant of summary judgment.  Moreover, determining whether Paul Lenoci was authorized to enter into the Amendment on behalf of by SKD LLC, such that SKD LLC may not divorce itself from the alleged error, is of obvious relevance.  The court finds that Maxi has adduced sufficient evidence to call into question Paul Lenoci's authority (or lack thereof).  These valid questions also further support the court's previous conclusion that it would be inappropriate in this case to grant summary judgment before all parties have had the opportunity to conduct fulsome discovery.

Consequently, the MSJ also is denied.

## IV.  CONCLUSION

Accordingly, it is thereupon **ORDERED AND ADJUDGED** as follows:

1. The Motion to Dismiss filed by SKD LLC (ECF No. 24) is **DENIED.**

2. The Motions to Dismiss filed by Paul Lenoci and the Lenoci Trust (ECF Nos. 31 and 46) are **DENIED as moot.**

3. The Third-Party MTDs filed by SKD GP are **DENIED.**

    a. The First Third-Party MTD (ECF No. 28) is **DENIED as moot.**

    b. The Second Third-Party MTD (ECF No. 51) is **DENIED.**

4. The MSJ (ECF No. 71) is **DENIED without prejudice** to renewal once discovery has completed.

**IT IS SO ORDERED** in Hartford, Connecticut, this 24th day of March, 2023.

_/s/_
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE
